IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-01472-PAB-KLM

UNITED STATES DEPARTMENT OF AGRICULTURE,

    Plaintiff,

v.

THE HOUSING AUTHORITY OF THE CITY OF STERLING, COLORADO,

    Defendant.

## ORDER

    This matter is before the Court on Plaintiff's Motion for Discharge of Receiver [Docket No. 42]. The background facts and procedural history are set out in the Court's order granting plaintiff's motion to approve the sale of the property, *see* Docket No. 38, and will not be repeated unless necessary for purposes of this order.

    The discharge of a receiver is a matter within the discretion of the district court. *See United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995); *accord Skirvin v. Mesta*, 141 F.2d 668, 673 (10th Cir. 1944) ("[t]he power to . . . terminate a receivership no longer needed is a necessary incident to the power to appoint in the first instance"). A court should not continue a receiver if the receiver's services are no longer needed. *Skirvin*, 141 F.2d at 673 (noting that where the necessity for a receiver has ceased to exist, the receivership should be discharged).

    Plaintiff states that, after this matter was terminated following plaintiff's notice of voluntary dismissal, *see* Docket No. 41, the property was sold on or about May 27,

2020, and the receiver prepared his final receivership report on October 1, 2020. Docket No. 42 at 1, ¶ 3. The state-court receivership order states that the receiver would continue in possession of the receivership property until discharged by the Court. Docket No. 22-1 at 21, ¶ N. Additionally, the state-court order states

> If no objections to the final report and motion for discharge have been delivered to the Court, the Receiver, and other parties having entered their appearance in this proceeding, by first class mail to such address as is reflected in the Court records within fourteen (14) days after the final report and motion for discharge are filed with the Court, the final report will be accepted by the Court, and the Court will enter an Order terminating the Receivership and discharging the Receiver. The Receiver's bond shall be dismissed following the approval of the final report and entry of the discharge Order.

*Id.*

Plaintiff states that the receiver has managed the property in accordance with the state-court order and has faithfully discharged his duties under the order. Docket No. 42 at 2, ¶ 5. Moreover, plaintiff states that, though counsel for defendant has not entered an appearance in this case, counsel for plaintiff conferred with defendant pursuant to D.C.COLO.LCivR 7.1(a), and defendant indicated that he has no objection. *Id.*, ¶ 6.[1]

The Court has not received any objections to the receiver's final receivership report or to plaintiff's motion, which was filed March 19, 2021. *See id.* Wherefore, it is

**ORDERED** that Plaintiff's Motion for Discharge of Receiver [Docket No. 42] is **GRANTED**. It is further

---

[1] Plaintiff states that defendant indicated he has no objection "to the requested stay." *Id.* The Court presumes plaintiff is referring to the 14-day period mentioned in the state-court order.

2

**ORDERED** that the receiver's bond is discharged.  It is further

**ORDERED** that the receiver is dismissed.


DATED September 15, 2021.

                                                BY THE COURT:

                                                _____
                                                PHILIP A. BRIMMER
                                                Chief United States District Judge